SUPPRESSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

APR 18 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| VS. | ) | |
| | ) | 4:18CR322 CDP/DDN |
| NIKOLAI LEEDS, | ) | |
| | ) | |
| Defendant. | ) | |

### INDICTMENT – COUNTS I-II
### WIRE FRAUD 18 U.S.C. 1343

*Introduction*

1. At all relevant times, the Defendant Nikolai Leeds was a resident of Massachusetts.

2. At all relevant times, the Higher Education Loan Authority of the State of Missouri (MOHELA) was a not-for-profit entity authorized by the State of Missouri which services student loans owned by the federal government through contracts with the United States Department of Education (DOE). MOHELA's headquarters are located in the Eastern District of Missouri. MOHELA serves as the entry point for web and telephone loan payments on government loans it services. Web payment servers and interactive voice payment servers involved in this process are all located in the Eastern District of Missouri.

3. At all relevant times, the Defendant Nikolai Leeds owed the DOE a consolidated student loan which was serviced by MOHELA.

4. Between approximately January 2012 and August 2012, Defendant worked at Santander Bank in Dorchester, Massachusetts.

5. Between approximately January 2016 and December 2016, Defendant worked at Harvard Pilgrim Health Care (HPHC) in Wellesley, Massachusetts.

*The Payments*

6. Between 2012 and 2017, MOHELA processed 55 payments toward Defendant's outstanding loan account from 22 different financial accounts not associated with Defendant.

7. On or about March 2, 2016, the Defendant accessed MOHELA's web payment server from Internet Protocol (IP) address 155.49.106.95 to initiate a payment of $123.77 toward his loan account. That IP address was controlled by HPHC, Defendant's employer at that time, and was assigned to the part of the office building where Defendant was physically located on March 2, 2016.

8. The aforementioned payment was made from a financial account held in the name of J.S., an individual. J.S. does not know Defendant and did not authorize him to access his account and direct funds for Defendant's benefit from it.

9. On or about February 6, 2017, Defendant accessed MOHELA's interactive voice payment server using his personal cell phone number and directed a $603.08 payment toward his loan account. The Defendant directed those funds from a financial account held in the name of a business entity at Santander Bank, Defendant's former employer.

10. The aforementioned business entity did not do business with Defendant nor did it authorize Defendant to access its account and direct funds for Defendant's benefit from it.

*The Representations*

11. By initiating the aforementioned payments to his loan account, the Defendant made false and fraudulent representations that he was an authorized user of the financial account from which he directed payments.

12. Both of the aforementioned payment instructions originated in the State of Massachusetts and crossed state lines into MOHELA's servers in the State of Missouri. These payment instructions caused writings, signs and signals to be transmitted using wire, radio and television communications.

*The Offense Conduct*

13. On or about March 2, 2016 and February 6, 2017, in the Eastern District of Missouri and elsewhere, the Defendant,

**NIKOLAI LEEDS,**

having devised a scheme and artifice to defraud another of money and valuable property by means of false and fraudulent pretenses, representations or promises, did send and cause to be sent by means of wire, radio or television communication, signs, signals, writings, pictures or sounds in interstate and foreign commerce with each of the foregoing interstate wirings of funds constituting a separate count

| Count | Account Holder | Amount | Date |
| --- | --- | --- | --- |
| I | J.S. - Individual | $123.77 | March 2, 2016 |
| II | A.C.O.S. – Entity | $603.08 | February 6. 2017 |

All in violation of Title 18, United States Code Section 1343.

## COUNT III – Aggravated Identity Theft

14. The allegations contained in Paragraphs 1 through 13 are hereby realleged and incorporated by reference.

15. On or about March 2, 2016, in the Eastern Distreict of Missouri and elsewhere, the Defendant,

**NIKOLAI LEEDS,**

during and in relation to the Wire Fraud alleged in Count I, knowingly transferred, possessed and used without lawful authority the means of identification of J.S. In violation of Title 18, United States Code Section 1028A(a)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I and II, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

4

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

               A TRUE BILL


               _____
               FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
Thomas C. Albus, #96250
Assistant United States Attorney